# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHELE GRAY, M. G. (minor), | Case No.: 2:19-cv-00854-APG-BNW |
| Plaintiffs | **Order Dismissing Case** |
| v. | [ECF Nos. 26, 28, 39, 43, 48] |
| UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendant | |

Plaintiff Michele Gray and her minor child are suing the United States Department of Justice (DoJ) for $15 billion. ECF No. 38 at 4.[1] Gray alleges that the FBI and various other federal, state, and local authorities have stalked and harassed her for over 15 years across at least six states and Europe. The DoJ moves to dismiss this lawsuit because the plaintiffs did not timely serve the DoJ and the complaint fails to state a claim upon which relief may be granted. ECF No. 26. The plaintiffs' response to the motion addresses the problems with service of process but not the defects with the plaintiffs' claims. For purposes of this order, I will ignore the service of process defects because the plaintiffs cannot maintain their claims against the DoJ as a matter of law. I therefore dismiss this case.

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v.*

---

[1] The original complaint sought $15 billion, diplomatic immunity, and injunctive relief. ECF No. 4. After the DoJ moved to dismiss the original complaint, the plaintiffs filed an amended complaint. ECF No. 38. The amended complaint suffers from the same fatal defects as the original complaint, so the DoJ filed a motion to dismiss the amended complaint that largely repeats the arguments in the original complaint. I will address the complaint and amended complaint and both of the DoJ's motions to dismiss in this order.

*Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quotation and citation omitted).  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

The complaint is fatally defective for a variety of reasons.   The plaintiffs refer to various federal statutes, but primarily seem to base their claims upon 42 U.S.C. §§ 1983 and 1985. *See* ECF No. 38 at 3 (referring to § 1985) and 8 (referring to § 1983).  The DoJ cannot be sued under either of those statutes. *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either [42 U.S.C. §§ 1983 or 1985] that Congress intended to subject federal agencies to § 1983 and § 1985 liability.  To the contrary, §§ 1983 and 1985 impose liability upon a 'person,' and a federal agency is not a 'person' within the meaning of these provisions.").[2]  Nor can the plaintiffs maintain a *Bivens* action against the DoJ. *Teplitsky v. Dep't of Justice*, 127 F.3d 1106 (9th Cir. 1997) ("A Bivens action cannot be maintained against a federal agency.").

---

[2] *See also Stonecipher v. Bray*, 653 F.2d 398, 401 (9th Cir. 1981) (upholding dismissal of a § 1983 claim because "the IRS is a federal agency and its agents performed no acts under color of state law").

Next, the United States is immune from lawsuits except as it has expressly waived its sovereign immunity. "The party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). The plaintiffs have not shown any waiver of immunity by the United States that would allow them to sue the DoJ for these claims. Thus, dismissal is proper. *Hiramanek v. Judicial Council of Cal.*, 754 F. App'x 580 (9th Cir. 2019) ("The district court properly dismissed Hiramanek's claims against the United States, the Department of Justice, and the Attorney General because Hiramanek failed to establish that the United States had waived sovereign immunity for his claims.").

Finally, the complaint asserts tort claims that are barred by the Federal Tort Claims Act (FTCA). "The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States. Although such claims can arise from the acts or omissions of United States agencies . . . , an agency itself cannot be sued under the FTCA." *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). Thus, the plaintiffs' claims against the DoJ must be dismissed.[3]

Because the plaintiffs cannot maintain their claims against the DoJ as a matter of law, I must dismiss the complaint. When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Where, as here, the plaintiffs' claims are barred as a matter of

---

[3] Even if the plaintiffs could bring a claim under the FTCA, they have failed to demonstrate that they satisfied the prerequisite of filing an administrative claim. *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 778 (9th Cir. 1984) ("A plaintiff must first present notice of a claim to the appropriate federal agency.").

law, the deficiencies cannot be cured so amendment would be futile.  I therefore deny the plaintiffs leave to amend.

I THEREFORE ORDER that the defendant's motions to dismiss **(ECF Nos. 26, 48) are granted.**

I FURTHER ORDER that the defendant's motion to stay discovery **(ECF No. 28)**, the plaintiffs' motion to change venue **(ECF No. 39)**, and the plaintiffs' motion for appointment of counsel **(ECF No. 43) are denied as moot**.

I FURTHER ORDER the clerk of court to enter judgment in favor of the defendant and against the plaintiffs and to close this case.

DATED this 17th day of April, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE